Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELLA VAUGHN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* BARNET LEATHER COMPANY, Employer, and UTICA MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — determination of average weekly wage — findings not sustained.**

Where it appeared that the claimant was receiving at the time of her injury two dollars and fifty cents per day; that a short time prior to the injury she was put to work on a machine that had been left idle by striking employees without any understanding as to an increase in wages; that men who operated similar machines on piece work received from twenty-four to twenty-six dollars per week; that other women working on similar machines were being paid two dollars and fifty cents per day, the finding of the State Industrial Commission that the average weekly wage of the claimant was twenty-eight dollars and eighty-four cents cannot be sustained.

APPEAL by the defendants, Barnet Leather Company and another, from a decision and award of the State Industrial Commission, made on the 24th day of June, 1919.

*Hart, Stevenson, Walton & Senior* [*A. G. Senior* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

*Bronner & Ward [J. C. Bronner* of counsel], for the respondent, claimant.

WOODWARD, J.:

The claimant was injured while at work on a rolling machine in the Barnet Leather Company's factory, and there is no question as to the character of the injuries. The State Industrial Commission has found that the average weekly wages of Ella Vaughn was the sum of twenty-eight dollars and eighty-four cents, and the award is of sixteen dollars and twenty-three cents per week for twenty-one weeks, and the case held open to determine later the full extent of the injury. The insurance carrier and the employer, on this appeal, contend that the finding that the average weekly wages of the claimant was twenty-eight dollars and eighty-four cents is without support in the evidence, and we agree with this contention.

The evidence of the claimant herself is that she was receiving at the time of the injury two dollars and fifty cents per day, and this is corroborated by the payrolls of the Barnet Leather Company. It appears from the evidence that on the 13th of January, 1919, there was a strike of the male employees of the company; that the men who were operating the machines such as the claimant was operating at the time of her injury were being paid for piece work, and that some of them earned from about twenty-four to twenty-six dollars per week. On the thirtieth day of January the claimant was called from a room where she was earning between twelve and thirteen dollars per week, and was instructed in the operation of the rolling machine. After a short period of instruction she was left to operate the machine alone, and received the injuries for which the allowance is made. Aside from some vague testimony from a foreman, that so far as he knew it had been the custom in that mill to put men at piece work after a few weeks of experience, there was no evidence to show that there was any understanding on the part of the claimant or her employer

that the wages should be other than two dollars and fifty cents per day. The claimant did say that there was one woman working in a different department, upon a different machine, who was getting thirty-three dollars per week, but the name of the woman was not disclosed, nor was there anything to indicate that this was the customary wages of employees on the class of machines on which the claimant was at work, and the undisputed testimony was that three other women, employed upon these machines, were paid not to exceed two dollars and fifty cents per day. The claimant was concededly working at the rate of two dollars and fifty cents per day; she had not had sufficient experience to be put on piece work even under the practice which prevailed among the men prior to the strike, and there is absolutely no evidence in the case from which the figures found by the State Industrial Commission can be supported. The highest figures shown by the evidence for any of the men for any sustained period of time was twenty-five dollars and eighty-three cents per week, and the undisputed evidence is that there is now no piece work done on these machines; that none was being done at the time of the accident, and that the wages paid to the women operatives was two dollars and fifty cents per day.

So far as we can discover from a reading of the testimony the finding of the average weekly wages of the claimant is purely arbitrary; there is no evidence to suggest or support the sum of twenty-eight dollars and eighty-four cents, and the case should be sent back for correction in this regard.

The award appealed from should be reversed and the matter remitted to the State Industrial Commission.

All concur.

Award reversed and matter remitted to the Commission.